IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-02667-SHL-tmp |
| ) | |
| EVOLVE BANK AND TRUST, ) | |
|     Defendant. ) | |

**ORDER GRANTING IN PART PLAINTIFF'S UNOPPOSED MOTION TO TERMINATE CONSENT ORDER AND DISMISS WITH PREJUDICE**

Before the Court is Plaintiff's Unopposed Motion to Terminate Consent Order and Dismiss with Prejudice, filed May 13, 2025. (ECF No. 14.) The unopposed Motion seeks the termination of the Consent Order previously entered into in this case and dismissal of this case with prejudice.

On October 17, 2022, the Court entered a Consent Order between the United States and Defendant Evolve Bank and Trust ("Evolve"). (ECF No. 12.) As that Order explained, the United States alleged in its Complaint that, from at least 2014 through 2019, Evolve used a pricing system that gave individual loan production offices broad discretion to select inflated initial interest rates from which they offered discounts or concessions to select borrowers unrelated to the borrowers' creditworthiness or loan characteristics. (Id. at PageID 49.) The Complaint also alleged that Evolve lacked adequate internal control systems to monitor loan offices' exercise of that discretion. (Id.) The Complaint further alleged that Evolve's pricing system resulted in Black and Hispanic borrowers paying more for home loans than their white counterparts, and individual female borrowers paying more for home loans than their male counterparts in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601–3619, and the

Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691–1691f, Regulation B, 12 C.F.R. § 1002.1 *et seq.* (Id.) Evolve denied the allegations in the Complaint. (Id.)

Although the Order resolved all claims of the United States against Evolve, dismissed the case with prejudice and closed the case, the Court explained that it would retain jurisdiction for the purpose of enforcing the Consent Order. (Id. at PageID 66 (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82 (1994)).

In the Motion now before the Court, the United States asserts that Evolve "has complied with the requirements in the Consent Order to compensate aggrieved borrowers and pay a civil penalty to the United States, and Defendant is in substantial compliance with the injunctive terms of the Consent Order." (ECF No. 14 at PageID 69.) It therefore seeks to terminate the Consent Order and dismiss the case with prejudice.

The Motion is **GRANTED IN PART**. The Consent Order is hereby **TERMINATED**. However, having already been closed and dismissed with prejudice, the case cannot be dismissed again.

**IT IS SO ORDERED,** this 29th day of May, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE